PHILADELPHIA & READING COAL & IRON CO. *v.* THE MAYOR, etc.

*(Circuit Court, S. D. New York. July 21, 1884.)*

1. LESSOR AND LESSEE — TITLE OF LESSOR — LESSEE CHARGED WITH NOTICE OF RIGHTS OF LESSOR.
   A lessee is charged with full notice of the terms of a grant of the leased premises to his lessor, and his rights are subject to those terms, unless subsequently released or extinguished.
2. SAME.
   Where a grantee acquires wharfage rights in the premises, his lessee, as against the grantor, may exercise similar rights, subject only to the terms of the grant to his lessor; and aside from those terms, only the lessor could question the lessee's right to an easement over the remaining lands granted to the lessor.
3. SAME—INJUNCTION—LESSEE'S RIGHT TO CONTINUANCE OF.
   Where a lessee is in possession of valuable wharfage privileges, he has a right to a continuance of an injunction to restrain the cutting off of those privileges until his legal rights are compensated for under the act of 1871, requiring the dock department of the city to make such compensation.

In Equity.
*Mitchell & Mitchell,* for plaintiff.
*E. H. Lacombe,* for defendant.

BROWN, J. The dock department of the city of New York, under the act of 1871, is required to provide for compensation to the owners of existing wharfage rights before building the exterior wall in the Hudson river which would cut off those rights. I cannot doubt that the complainant and its receiver are lawfully possessed of certain wharfage rights and privileges along the wharf erected inside of the line of Twelfth avenue, upon the land leased from the estate of Cornelius Ray, and that these rights are of some value, although they might possibly be abridged or destroyed hereafter through proceedings taken by the city and the estate of Ray, or its successors, in accordance with the terms of the grant by the mayor, etc., in 1838. The complainant is chargeable with full notice of the terms of that grant, and their rights are subject to those terms, unless they have been subsequently released or in some way extinguished.

Under the grant by the city to the estate of Ray, which expressly conveyed the right to wharfage along Twelfth avenue, which was then the city's exterior line of land under water, I think wharfage rights might be exercised by that estate inside of the line of Twelfth avenue, so long as the lots under water were not filled in, as well as along its western line; and the lessees from Ray's executors might, therefore, as against the city, exercise similar rights, subject only to the terms of the grant to their lessors, requiring the streets to be filled in, on three months' notice; and, aside from those terms, only Ray's estate could question their lessee's right to an easement over the estate's remaining lands under water out to the exterior line of Twelfth avenue. Being then lawfully in possession of wharfage privileges of some value, complainants have a right to a continuance of the injunction until their existing legal rights, so long as they shall exist, are compensated for under the act of 1871; and the motion to vacate the injunction must be denied. But the injunction must not be so construed as to prevent any enforcement by the city of the terms of its grant to Ray's estate, or any preliminary steps, by notice or otherwise, necessary thereto. Other parties and other questions than those now before the court are involved in any proceedings of that kind which might affect the complainant's rights; and if the complainant has any grounds on which to oppose the enforcement of those terms, they should be presented by an appropriate action, and with all the necessary parties before the court, after some proceedings to enforce the terms of the grant have been had, or appear about to be taken. A modification of the injunction to that extent may, if desired, be had.